IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Keith Aaron Vann,, | ) | C/A No.: 1:17-2099-HMH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion for substitution of the United States of America for Antonio McFarrin, Ronn Brown, Jorge Lopez, and Alma Tzontlimatzi (the "Individual Defendants"). [ECF No. 18]. As the designee of the United States Attorney General, the United States Attorney for the District of South Carolina has certified that the Individual Defendants were acting within the scope of their employment at all times alleged in the Complaint. The Federal Employee Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), commonly known as the Westfall Act amendment to the Federal Tort Claims Act, provides that upon such certification, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

Based on the certification, the Clerk of Court is to substitute the United States as the defendant in the place of Antonio McFarrin, Ronn Brown, Jorge Lopez, and Alma

Tzontlimatzi and amend the caption accordingly. *See Berkeley-Dorchester Ctys. Econ. Dev. Corp. v. U.S. Dept of Health & Human Servs.*, 395 F. Supp. 2d 317 (D.S.C. 2005) (noting mandatory nature of substitution upon Westfall Act certification, but indicating that "when a certification decision is challenged [] the appropriateness of substitution is subject to judicial review").

Accordingly, the courts grants the motion [ECF No. 18], and substitutes the United States as the party defendant for the Individual Defendants. The caption of this case is thereby corrected to reflect the United States of America as the sole defendant.

IT IS SO ORDERED.

*[signature: Shiva V. Hodges]*

February 1, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge