IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Keith Aaron Vann,          )      C.A. No. 1:17-2099-HMH-SVH
                           )
        Plaintiff,         )      **OPINION & ORDER**
                           )
    vs.                    )
                           )
United States of America,  )
                           )
        Defendant.         )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Keith Aaron Vann ("Vann"), a federal prisoner proceeding pro se, alleges that the Defendant was negligent regarding his food service job assignment. Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. (Mot. Summ. J., ECF No. 33.) Magistrate Judge Hodges recommends granting the Defendant's motion for summary judgment. (R&R, ECF No. 24.) After review, the court adopts the magistrate judge's Report and Recommendation and grants the Defendant's motion for summary judgment.

Vann filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Vann's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Further, Vann's motion for judgment on the pleadings and his reply thereto which was filed after Magistrate Judge Hodges issued the Report and Recommendation in this case, is denied as it is wholly without merit. (Mot. J. Pleadings, ECF No. 69.) In his objections and in the motion for judgment on the pleadings, Vann complains that the Assistant United States Attorneys in this case have not shown that they are officers for the United States, which is a baseless argument. Further, Vann generally complains in his objections that he was prevented from obtaining additional evidence to support his claims through the discovery process because Magistrate Judge Hodges stayed discovery in this case. (Obj. 4, ECF No. 77.) However, Vann failed to file a response to the motion to dismiss after being granted six extensions and fails to assert what facts could be obtained through discovery that would support a claim for negligence in this case. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion for summary judgment, docket number 33, is granted. It is further

**ORDERED** that Vann's motion for judgment on the pleadings, docket number 69, is denied.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
January 7, 2019

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.